UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONALD ANDERSON,** | \* | **CIVIL ACTION** |
|     **PETITIONER** | \* | |
| | \* | **NO. 24-cv-0873** |
| **VERSUS** | \* | |
| | \* | **SECTION "A" (5)** |
| **TRAVIS DAY, WARDEN** | \* | |
|     **RESPONDENT** | \* | |

**RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF**

OVERVIEW

Donald Anderson is a state prisoner incarcerated at the Rayburn Correctional Center. He is serving a forty year sentence as a result of his convictions for second degree rape and molestation of a juvenile(La. R.S. 14:98.4). Anderson has petitioned this Court for a writ of habeas corpus, contending that his incarceration is in violation of his rights under the United States Constitution.

Anderson's petition presents three claims, two of which are not exhausted. The State respectfully submits that the Court should dismiss the petition without prejudice, reserving to Anderson the right to re-submit his claims once they are exhausted.

**TABLE OF CONTENTS**

OVERVIEW..................................................................................................................1

PRELIMINARY MATTERS.......................................................................................3

    1.    Custody....................................................................................................3

    2.    The state court record............................................................................3

    3.    The facts of the case...............................................................................3

    4.    The petitioner's claims...........................................................................4

PROCEDURAL HISTORY........................................................................................5

    1.    Proceedings leading to conviction and sentence....................................5

    2.    Direct review proceedings......................................................................5

    3.    Post-conviction proceedings...................................................................5

TIMELINESS..............................................................................................................6

EXHAUSTION AND PROCEDURAL DEFAULT...................................................7

RESERVATION OF RIGHTS....................................................................................8

CONCLUSION AND PRAYER.................................................................................9

CERTIFICATE OF SERVICE....................................................................................9

## PRELIMINARY MATTERS

**1. Custody.**

The respondent does not dispute that the petitioner is in custody.

**2. The state court record.**

The respondent has filed, along with this Response, the complete state court record which is described in the separately filed *Notice of Lodging of State Court Record Materials*.

**3. The facts of the case.**

The facts of the case are not developed because of the petitioner's guilty plea. They are, however, set forth (albeit without much detail) in the victim impact statement given at sentencing. See Rec. Doc. 7-1, pp. 99-102.

4. **The petitioner's claims.**

The petitioner's claims read verbatim as follows:

### GROUND 1

TRIAL COURT IMPOSED A CONSTITUTIONALLY EXCESSIVE SENTENCE ON A 73-YEAR-OLD CRIMINAL DEFENDANT, VIOLATION OF 5TH AND 8TH AMENDMENT OF THE UNITED STATES CONSTITUTION, THE UNITED STATES CONSTITUTION GUARANTEES A CONDEMNED MAN HAS THE RIGHT TO A DIRECT APPEAL AND THE LOWER COURTS REFUSE TO ACKNOWLEDGE THIS IMPORTANT RIGHT EVERY U.S. CITIZEN HAS. REMAND FOR APPOINTMENT OF LOUISIANA APPELLATE PROJECT IS WARRANTED.

### GROUND II

PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF HIS RIGHT TO COUNSEL, DUE PROCESS OF LAW, AND EQUAL PROTECTION UNDER THE LAW, PURSUANT TO U.S. CONST. AMEND. V, VI, XIV, AND LA. CONST. ART. 1 §§ 2, 13, 16.

### GROUND III

PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF HIS RIGHT TO COUNSEL, TO DUE PROCESS OF LAW, AND TO EQUAL PROTECTION UNDER THE LAW, PURSUANT TO U.S. CONST.AMENDS. V, VI, XIV AND LA. CONST. ART. 1, §§ 2, 13, 16, BECAUSE HIS TRIAL ATTORNEY INCORRECTLY ADVISED HIM OF THE CONSEQUENCES OF HIS GUILTY PLEA AND THIS INCORRECT ADVICE, COUPLED WITH HIS MENTAL CONDITION AS A 73-YEAR-OLD MAN, RENDERED HIS GUILTY PLEA UNKNOWING AND INVOLUNTARY.

Rec. Doc. 1-1, pp. 1, 2, 5.

## PROCEDURAL HISTORY

1. **Proceedings leading to conviction and sentence.**

| | | |
|---|---|---|
| Aug. 22, 2018 | The grand jury returns an indictment charging petitioner with one count first-degree rape and one count molestation of juveniles. | Rec. Doc. 7-1, pp. 2, 36. |
| Mar. 9, 2022 | The district attorney amends the indictment to reflect a charge of second-degree rape rather than first-degree rape. The defendant pleads guilty. The trial court imposes a forty-year sentence. This is all pursuant to a negotiated plea bargain agreement. | Rec. Doc. 7-1, pp. 30-32, 71, 77-106. |

2. **Direct review proceedings.**

The defendant did not appeal his conviction and sentence, having waived that right as part of his guilty plea. See Rec. Doc. 7-1, pp. 95-96.

3. **Post-conviction proceedings.**

The proceedings subsequent to conviction and sentencing are as follows:

| | | |
|---|---|---|
| Oct. 10, 2022 | The petitioner files an application for post-conviction relief requesting an out-of-time appeal. | Rec. Doc. 7-1, pp. 107-111. |
| Oct. 20, 2022 | The trial court denies the requested out-of-time appeal, but grants the defendant leave to amend his application for post-conviction relief. | Rec. Doc. 7-1, pg. 112. |
| Nov. 16, 2022 | The petitioner timely applies for review of the decision denying his motion for out-of-time appeal. | Rec. Doc. 7-2, pp. 2-5. |
| Feb. 1, 2023 | The Louisiana First Circuit Court denies relief, assigning the following reasons:<br><br>Relator failed to show that he is entitled to an out-of-time appeal pursuant to *State v. Counterman*, 475 So.2d 336 (La. 1985). *See State v. Shakir*, 2022-01069 (La. 10/18/22), 348 So.3d 718, 719 (per curiam); *State v. Johnson*, 2016-2232 (La. 3/9/18), 237 So.3d 1184 (per curiam). Furthermore, a petitioner cannot appeal or seek review of a sentence imposed in conformity with a plea agreement. See La. | Rec. Doc. 7-2, pg. 1. |

| | Code Crim. P. art. 881.2(A)(2).<br><br>*State v. Anderson*, 22-1258 (La. App. 1 Cir. 2/01/23), 2023 WL 1455913. | |
|---|---|---|
| Feb. 18, 2023 | The petitioner timely seeks further review from the Louisiana Supreme Court. | Rec. Doc. 7-3. |
| Mar. 20, 2023 | The petitioner files an *Amended Application for Post-Conviction Relief* with the district court. He also files a separate motion asking the state district court to "stay the Amended Postconviction Relief Application until such time as the Louisiana Supreme Court renders a decision on his previous request for an Out-of-Time Appeal." | Rec. Doc. 7-1, pp. 116-127. |
| May 10, 2023 | The district court grants the motion to stay the proceedings concerning the *Amended Application for Post-Conviction Relief*. | Rec. Doc. 7-1, pg. 33.[1] |
| Oct. 3, 2023 | The Louisiana Supreme Court denies the defendant's writ application concerning the denial of the motion for out-of-time appeal. *State v. Anderson*, 23-0372 (La. 10/03/23), 370 So.3d 1047. | Rec. Doc. 7-3. |

There have been no further proceedings in the district court since the Louisiana Supreme Court's October 3, 2023 writ decision.

As a consequence, there has been no ruling in the district court on any of the claims raised in the amended application for post-conviction relief.

## TIMELINESS

The respondent does not allege that habeas corpus petition was filed untimely.

---

[1] The minute entry reflects that the Court "granted the State's Motion for Stay." The undersigned's recollection is that the State indicated it had no objection to the court granting the defendant's motion for stay.

EXHAUSTION AND PROCEDURAL DEFAULT

**I.**

The exhaustion doctrine provides: "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted). See generally Rose v. Lundy, 455 U.S. 509, 518 (1982).

**II.**

The petitioner's Claim 1 has been presented to the district court. Rec. Doc. 7-1, pp. 107-111. The district court ruled on it. Id., pg. 112. The petitioner then presented it to the First Circuit Court of Appeal, and the First Circuit Court of Appeal ruled on it. Rec. Doc. 7-2. The petitioner then presented it to the Louisiana Supreme Court, and the Louisiana Supreme Court ruled on it. Rec. Doc. 7-3. This claim is exhausted.

The petitioner's Claim 2 has been presented to the district court as part of the petitioner's *Amended Application for Post-Conviction Relief*. Rec. Doc. 7-1, pp. 118-127, particularly pp. 120-122. The district court, however, has not yet to ruled on this claim: the proceedings concerning the amended application have been stayed on petitioner's motion. Id., pp. 116-117, 33. The petitioner's Claim 2 has not been presented to either the First Circuit Court of Appeal or the Louisiana Supreme Court. The petitioner's Claim 2 is therefore not exhausted.

The petitioner's Claim 3 has been presented to the district court as part of the petitioner's *Amended Application for Post-Conviction Relief*. Rec. Doc. 7-1, pp.

118-127, particularly pp. 123-127. The district court, however, has not yet to ruled on this claim: the proceedings concerning the amended application have been stayed on petitioner's motion. Id., pp. 116-117, 33. The petitioner's Claim 3 has not been presented to either the First Circuit Court of Appeal or the Louisiana Supreme Court. The petitioner's Claim 3 is therefore not exhausted.

## III.

"A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice." Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) (citing Rose v. Lundy, *supra*).

This case involves a mixed petition—although Claim 1 is exhausted, Claims 2 and 3 are not. The respondent submits that the Court ought to dismiss the instant habeas corpus petition without prejudice.

## RESERVATION OF RIGHTS

The respondent asserts that the petition be dismissed because the petition is unexhausted. Accordingly, the respondent does not address the merits of the petitioner's claims. However, the respondent does not expressly waive any procedural objections or defenses and would respectfully reserve the right to submit additional documentation, procedural objections, defenses, and/or argument on the merits should this Court order additional briefing.

## CONCLUSION AND PRAYER

The petitioner fails to demonstrate that the state courts have unreasonably applied clearly established federal law. Based on the foregoing, the respondent Travis Day respectfully prays that the petition of Donald Anderson be dismissed without prejudice for failure to exhaust state court remedies.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney
22nd Judicial District
701 N. Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398
Email: mcaplan@22da.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing pleading by sending it via USPS first-class mail, addressed as follows:

> Donald Anderson, DOC # 767588
> Rayburn Correctional Center
> 27268 LA-21
> Angie, LA 70426
> *Petitioner, pro se*

This the 7th day of May, 2024, at Covington, Louisiana.

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney