**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DONALD ANDERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-873** |
| **TRAVIS DAY, WARDEN** | **SECTION: "A"(5)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.    Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.    *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his available state-court remedies.

### Procedural History

Petitioner, Donald Anderson, is a convicted inmate housed at the Rayburn Correctional Center in Angie, Louisiana.    In August 2018, he was indicted by a grand jury for aggravated/first-degree rape of a minor under 13 years old and molestation of a juvenile.[1]    He entered a plea of not guilty.    On March 9, 2022, he withdrew the not-guilty

---

[1]  ECF No. 7-1 at 36 (St. Tammany Parish Grand Jury Indictment); ECF No. 7-1 at 2,

plea and entered a plea of guilty to the reduced charge of forcible/second-degree rape and molestation of a juvenile.[2]   He was sentenced to 40 years imprisonment without benefit of probation, parole or suspension of sentence, on each count, to run concurrently.[3]

By application signed October 10, 2022, Anderson submitted a motion for post-conviction relief with a request for an out-of-time appeal to the state district court.   He sought a direct appeal with appointed counsel to raise as grounds for error his involuntary guilty plea and the excessive sentence imposed without parole eligibility since he was 73-years-old at the time of sentencing.[4]   On October 20, 2022, the state district court denied his motion for out-of-time appeal; however, the court granted him leave to amend his application for post-conviction relief.[5]   He filed a notice of intent to seek writs to the Louisiana First Circuit Court of Appeal.[6]   In his writ application, he argued only that the state district court erred in denying him a direct out-of-time appeal for his excessive-

---

Minute Entry, 8/22/2018.   Respondent submitted the state-court record electronically in three volumes. ECF No. 7-1 (State District Court pleadings); ECF No. 7-2 (Louisiana First Circuit writ application); ECF No. 7-3 (Louisiana Supreme Court writ application).

[2]  ECF No. 7-1 at 30, Minute Entry, 3/9/2022; ECF No. 7-1 at 71, Plea of Guilty and Waiver of Rights and Assessment Agreement; ECF No. 7-1 at 77-105, Transcript of Guilty Plea and Sentencing.

[3]  *Id*; *see also* ECF No. 7-1 at 63, Sentencing Commitment Order.

[4]  ECF No. 7-1 at 107, Motion for Post-Conviction Relief/Out of Time Appeal.

[5]  ECF No. 7-1 at 112, State District Court Order, 10/20/2022.

[6]  ECF No. 7-1 at 113, 115.

sentence claims.[7]    On February 1, 2023, the court of appeal denied his writ application.[8] He filed a supervisory writ application with the Louisiana Supreme Court.    Again, he alleged only that the state courts erred in denying him an out-of-time appeal on the excessive-sentence issue.[9]    On March 14, 2023, while the Louisiana Supreme Court writ application was still pending, he also filed an amended motion for post-conviction relief and request for an evidentiary hearing in the state district court.[10]    In the amended application, he raised additional claims concerning the involuntary guilty plea resulting from ineffective assistance of counsel.    The evidentiary hearing was set for May 10, 2023.    However, he also filed a motion to stay the evidentiary hearing on his amended application for post-conviction relief until the Louisiana Supreme Court issued a ruling on the propriety of an out-of-time appeal.[11]    The district court granted the motion and stayed the proceedings.[12]

---

[7]    ECF No. 7-2 at 2, Louisiana First Circuit Writ Application, 2022-KW-1258.

[8]    ECF No. 7-2 at 1, *State v. Anderson*, 2022-KW-1258, 2023 WL 1455913 (La. App. 1 Cir. 2/1/23).

[9]    ECF No. 7-3 at 3, Application for Supervisory Writ of Review to the Louisiana Supreme Court.

[10]    ECF No. 7-1 at 118-127, Amended Motion for Post-Conviction Relief with Memorandum of Law; ECF No. 7-1 at 128-130, Request for Evidentiary Hearing and District Court Order.

[11]    ECF No. 7-1 at 116, Motion to Stay Amended Application for Post-Conviction Relief.

[12]    ECF No. 7-1 at 33, Minute Entry, 5/10/2023. Although the minute entry notes "Court granted the State's motion to stay with no objection from the Defense," the State notes that the opposite was true, with the State voicing no objection to the court granting

On October 3, 2023, the Louisiana Supreme Court denied his supervisory writ application.[13] No further proceedings took place on his amended post-conviction relief application.

By application dated April 2, 2024, Anderson submitted his federal petition for habeas corpus relief.[14]  He claims that the sentence imposed without benefit of parole or suspension is excessive due to his advanced age, and that his guilty plea was involuntary due to ineffective assistance of counsel.   The State does not challenge timeliness but asserts that the claims have not been fully exhausted in the state courts.   The State argues that Anderson failed to exhaust two of his three claims, and it is a mixed petition that should be dismissed without prejudice to allow him to pursue the unexhausted claims, which are still pending, but stayed, in the state courts.[15]   Anderson has not filed a reply to the State's response.

## Analysis

A petitioner must first exhaust his available remedies in the state courts before seeking federal habeas corpus relief under 28 U.S.C. § 2254.   *See* 28 U.S.C. § 2254(b)(1); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509,

---

defendant's motion for stay. ECF No. 8 at 6 n. 1.

[13]  ECF No. 7-3 at 1, *State v. Anderson*, 2023-KH-00372 (La. 2023), 370 So.3d 1047.

[14]  ECF No. 1, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus; ECF No. 1-1, Memorandum in Support.

[15]  ECF No. 8, State's Response.

519–20 (1982)); *Nobles v. Johnson*, 127 F.3d 409, 419 (5th Cir. 1997).    The exhaustion rule

serves a critical purpose, as the United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role
> in the enforcement of federal law and prevent disruption of state judicial
> proceedings. Under our federal system, the federal and state courts are equally
> bound to guard and protect rights secured by the Constitution. Because it
> would be unseemly in our dual system of government for a federal district
> court to upset a state court conviction without an opportunity to the state
> courts to correct a constitutional violation, federal courts apply the doctrine of
> comity, which teaches that one court should defer action on causes properly
> within its jurisdiction until the courts of another sovereignty with concurrent
> powers, and already cognizant of the litigation, have had an opportunity to
> pass upon the matter.

*Rose v. Lundy*, 455 U.S. at 518 (citations, footnote, quotation marks, and brackets omitted).

"To exhaust, a petitioner 'must have fairly presented the substance of his claim to the

state courts.' "    *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).    That requirement

applies to all levels of review in the state court system, meaning that a petitioner's federal

claim must have been "fairly presented" to "*each* appropriate state court (including a state

supreme court with powers of discretionary review)."    *Baldwin v. Reese*, 541 U.S. 27, 29

(2004) (emphasis added).    "[S]tate prisoners must give the state courts one full

opportunity to resolve any constitutional issues by invoking one complete round of the

State's established appellate review process," including discretionary review when that

review is part of the State's ordinary appellate review procedures.    *O'Sullivan v. Boerckel*,

526 U.S. 838, 845 (1999).    To fully exhaust, the substance of the federal habeas claim must

be fairly presented to the State's highest court (i.e., the Louisiana Supreme Court).    *See*

*Whitehead v. Johnson*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971));
La. Const. art. V, § 5(A).

Anderson presented three substantive claims to the state district court. He asserted that (1) he was denied an out-of-time appeal to assert that his sentence was excessive; (2) he was denied effective assistance of counsel during plea negotiations; and (3) counsel's ineffectiveness and incorrect advice about his parole eligibility rendered his guilty plea unknowing and involuntary. Anderson's first claim for relief, requesting an out-of-time direct appeal on the excessive-sentence issue, was denied by the state district court, intermediate appellate court, and the Louisiana Supreme Court. That claim was properly exhausted. He raised the second and third claims in his amended petition for post-conviction relief, but then asked the district court to stay the evidentiary hearing on those claims challenging effective assistance of counsel and his guilty plea. The proceedings were stayed in the district court and those two intertwined claims for relief have not been considered at *any* state court level. Because the state courts have not had an opportunity to review claims two and three, those claims remain unexhausted. Thus, Anderson has not properly exhausted all three of his federal claims for relief, and therefore presents a "mixed petition," containing both exhausted and unexhausted claims, as currently styled. *Whitehead v. Johnson*, 157 F.3d at 387 (citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

Typically, a mixed petition is subject to dismissal without prejudice to allow for full

exhaustion of the claims.     *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982).   "Because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief," the Supreme Court in *Rose v. Lundy* held that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."     *Rose v. Lundy*, 455 U.S. at 522.    A dismissal without prejudice allows a petitioner the opportunity to return to the state courts to exhaust the claims in full.    In this case, Anderson could ask the state district court to lift the stay of his amended motion for post-conviction relief and proceed with an evidentiary hearing on the two intertwined claims for relief asserting that counsel's ineffective assistance and substandard advice during plea proceedings led to an unknowing and involuntary guilty plea.    Once the claims have been considered by the state district court, intermediate court of appeal, and the Louisiana Supreme Court, he could then file his federal application with this Court raising his exhausted claims.

Although the Supreme Court has recognized the availability of a stay and abeyance approach for "mixed" petitions due to the AEDPA's one-year statute of limitations, it has held that such a remedy must be exercised only in "limited" circumstances.    *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).    The Court has cautioned that "because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."    *Id.*    "Without good

cause, a petitioner can proceed with only the exhausted claims when dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id*. (citing *Rhines*, 544 U.S. at 278; *Rose*, 455 U.S. at 520).    A stay has not been requested in the instant case or good cause suggested for the failure to exhaust.    *See e.g., Jones v. Bickham*, Civ. Action No. 21-1207, 2023 WL 1514489, at *5 (E.D. La. Feb. 3, 2023).    Furthermore, Anderson's amended application for post-conviction relief was stayed and has remained pending in the state district court, for purposes of tolling and the statute of limitations.    By the Court's calculations, he has ample time remaining in his presently tolled federal one-year limitations period.[16]    Assuming he pursues relief diligently, the statute of limitations should not prevent him from seeking federal habeas relief in the future.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Donald Anderson be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his

---

[16] Anderson's conviction became final under federal law on April 8, 2022.    *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); *see Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914).    On October 10, 2022, he filed his PCR application and request for out-of-time appeal.    Thus, the federal one-year statute of limitations ran from April 9, 2022, until he filed his PCR application on October 10, 2022, or for a period of 184 days.    He filed an amended PCR petition on March 14, 2023, which was stayed and is currently pending, and continues to toll the federal one-year limitations period.

available state-court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[17]

New Orleans, Louisiana, this ___17th___ day of ___June___, 2024.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.